IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STACY K. MARTIN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:14-CV-0500-D |
| VS. § | |
| § | |
| LOCAL 556, TRANSPORTATION § | |
| WORKERS UNION OF AMERICA, § | |
| AFL-CIO, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Local 556, Transportation Workers Union of America, AFL-CIO ("TWU Local") moves for reconsideration of part of the court's memorandum opinion and order granting in part and denying in part TWU Local's motion for summary judgment. *See Martin v. Local 556, Transp. Workers Union of Am., AFL-CIO*, 2016 WL 2914791 (N.D. Tex. May 19, 2016) (Fitzwater, J.) ("*Martin III*"). The court denies the motion.[*]

Pertinent to this motion, the court in *Martin III* refused to dismiss the claims of plaintiffs Chris Click ("Click"), Stacy K. Martin, and Jerry Lindemann that TWU Local infringed their rights to a full and fair hearing, in violation of 29 U.S.C. §§ 411, 412, and 529, when it denied them access to an unbiased tribunal. *Id.* at *7-9. TWU Local contends

---

[*] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

that this claim should have been dismissed with respect to Click's Article XXI trial because Click did not file an appeal regarding his Article XXI trial or result with the TWU International Committee on Appeals, and thus did not exhaust his internal remedies. TWU Local also maintains that it raised this issue on page 10 of its brief in support of its motion for summary judgment and again on pages 5 through 6 of its reply brief.

    Page 10 of TWU Local's supporting brief does not raise this issue. In fact, the only relevant statement on this page concerning Click's unbiased tribunal claim is that "[a]ll three plaintiffs received full and fair hearings." D. Br. 10. TWU Local mentions in the fact section of its supporting brief that Click did not appeal his Article XXI trial. *See id.* at 4 ("All three plaintiffs appealed these [Executive Board] decisions to the TWU International Committee on Appeals, except that plaintiff Click did not appeal his Article XXI hearing result, appealing only the Article XIX Trial Committee recommendation adopted by the [Executive Board]."); *see also id.* at 6 ("Click did not seek appellate review of his Article XXI decision, only his Article XIX trial decision."). But in its supporting brief TWU Local never raises its exhaustion argument as to Click's Article XXI trial.

    This argument is raised for the first time in TWU Local's reply brief. *See* D. Reply 5-6 (asserting that "Click did not appeal his Article XXI hearing result, and has failed to exhaust his internal union remedies as required by law") (emphasis omitted). But this court has long declined to consider arguments raised for the first time in a reply brief. *See, e.g., Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing

*Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.))), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008). If TWU Local were allowed to present new arguments through a reply brief, it would effectively deny plaintiffs a fair opportunity to respond. *See, e.g., Xtria LLC v. Tracking Sys., Inc.*, 2007 WL 2719884, at *4 (N.D. Tex. Sept. 18, 2007) (Fitzwater, J.).

Accordingly, because TWU Local is not entitled to reconsideration of *Martin III* on the ground asserted, the court denies TWU Local's motion to reconsider.

**SO ORDERED**.

May 23, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE