IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACY K. MARTIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:14-CV-0500-D |
| VS. | § | |
| | § | |
| LOCAL 556, TRANSPORTATION | § | |
| WORKERS UNION OF AMERICA, | § | |
| AFL-CIO, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The February 13, 2017 motion of plaintiffs Stacy K. Martin ("Martin") and Chris Click ("Click") to continue trial is granted for the reasons explained in § I of this memorandum opinion and order.[1] In granting this motion, the court suggests no view on the merits of Martin's February 14, 2017 motion for leave to file motion to disqualify defense counsel, which remains for decision pending receipt of the supplemental briefing addressed in § II of this memorandum opinion and order.

I

The trial of this case is set to commence on Monday, March 20, 2017, with the pretrial conference scheduled for Thursday, March 16, 2017.[2] Counsel for Martin and Click learned on

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] The motion of Martin and Click states that the case is set on the two-week docket of March 20, 2017. That is not precisely correct. In an order filed on February 3, 2017, the court assigned

February 9, 2017 that he had been given a surprise, non-refundable birthday gift to attend the first round of March Madness in Las Vegas, Nevada over the March 16-19 weekend, making it difficult to prepare for a trial that is scheduled to commence on March 20.  Defendant does not oppose a one-day continuance,  but it does oppose any greater continuance.  Counsel for Martin and Click is concerned that this delay would require that the trial lapse into a second week based on the parties' respective trial estimates of four or five days.

The court's long-standing practice in civil cases[3] has been to accommodate whenever possible reasonable scheduling conflicts—including personal scheduling conflicts—of counsel.  In the court's experience, counsel are routinely called upon to make personal sacrifices for their clients and the system of justice.  Making reasonable accommodations for counsels' schedules promotes respect for the court as an institution and civility among members of the Bar, and it can have a direct impact on the well-being of the attorneys who perform the vital roles of advocates pursuing justice for their clients.  Consistent with this practice, the court is inclined to accommodate the scheduling conflict of counsel for Martin and Click, despite its admittedly personal nature.

The court's schedule will not, however, permit it to commence a four- or five-day trial on Tuesday, March 21, 2017.  The court must conduct its Dallas criminal docket on Friday, March 24, meaning that there would only be three days available the first week of trial.[4]  And even if the parties were able to resume the trial the following Monday, March 27, the undersigned presides over the

---

the case to commence on March 20, 2017, and it set the specific date and time for holding the pretrial conference.

[3]Unlike civil cases, criminal cases involve the constraints of the Speedy Trial Act.

[4]Even if the court imposed a four-day time limit on the trial, it could not be completed during the first week.

Amarillo Division criminal docket in addition to his duties in the Dallas Division. The undersigned is scheduled to sit in Amarillo March 27-29, 2017, and cannot resume the trial until late in the second week. It is therefore necessary to vacate the March 20, 2017 trial setting.

After considering defendant's concerns about a trial continuance, the court concludes that it should grant the motion with the following requirement. The trial will not commence as scheduled on March 20, 2017, but the parties must continue to make all required pretrial filings as if this were the trial date. That way, once the trial is reached, no delay will be necessary to complete pretrial filings. The pretrial conference scheduled for March 16, 2017 is canceled and will be rescheduled. After Martin's February 14, 2017 motion for leave to file motion to disqualify defense counsel has been resolved—either because the court denies leave to file the motion or, having granted leave, after the motion is decided on the merits—the court will review its calendar, provide counsel a proposed trial date or dates, and permit counsel to advise the court whether they have any material conflicts with the trial date or dates under consideration.

II

In Martin's February 14, 2017 motion for leave to file motion to disqualify defense counsel, he refers to good cause, but he does not cite or discuss the applicable four-part test for modifying the scheduling order. Under Fed. R. Civ. P. 16(b)(4),[5] to modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per

---

[5]Unlike the motion of Martin and Click for a trial continuance, the motion for leave does not cite Rule 16(b)(4).

curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.) (citing *S & W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Martin's motion does not discuss the four-factor test. Accordingly, no later than February 28, 2017, Martin must file a supplement to his motion that addresses the pertinent four factors. Defendant may file a supplemental response, and Martin may file a supplemental reply, by the deadlines for responses and replies specified in the local civil rules.

* * *

The February 13, 2017 motion of Martin and Click to continue trial is granted. Martin is directed to supplement his February 14, 2017 motion for leave to file motion to disqualify defense counsel.

**SO ORDERED**.

February 21, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 4 -