IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STACY K. MARTIN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:14-CV-0500-D |
| VS. § | |
| § | |
| LOCAL 556, TRANSPORTATION § | |
| WORKERS UNION OF AMERICA, § | |
| AFL-CIO, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Stacy K. Martin ("Martin") moves to disqualify Edward B. Cloutman, III, Esquire ("Cloutman") and his law firm from representing defendant Local 556, Transportation Workers Union of America, AFL-CIO ("TWU Local 556") in this lawsuit. Concluding that the motion is untimely and that Martin has waived his right to move for disqualification, the court denies the motion.[1]

I

Martin contends that Cloutman should be disqualified because he served as counsel for defendant TWU Local 556 when Martin was the president from May 2012 through May 2013. Martin maintains that Cloutman and Martin "worked very closely" and shared

---

[1]The court granted leave for Martin to file the motion to disqualify after the applicable motion deadline because of the importance of the issue presented. In granting leave, however, the court did not express an opinion regarding the merits of the motion, including the merits of TWU Local 556's contention that Martin had waived his motion to disqualify Cloutman and his law firm.

"numerous confidences." P. Br. 2. TWU Local 556 opposes the motion, contending, *inter alia*, that Martin has waived his arguments in support of disqualifying Cloutman and his law firm.[2]

Martin and two other plaintiffs filed this lawsuit on February 10, 2014,[3] but Martin did not move to disqualify Cloutman and his law firm until February 13, 2017, over three years later. The court denied the motion the same day because Martin had filed it after the motion deadline, without leave of court. On February 14, 2017 Martin filed a motion for leave to file his motion to disqualify, which TWU Local 556 opposed. At the time Martin filed his motion for leave, the trial was set for March 20, 2017, and the pretrial conference was set for March 16, 2017.[4] The court on February 21, 2017 vacated the trial setting, indicating that it would set the case for trial after resolving the motion to disqualify. The court ordered Martin to supplement his motion for leave to address the four-factor test for modifying the scheduling order. Martin supplemented his motion on February 28, 2017, and the court granted Martin's motion for leave on May 4, 2017. The instant motion to disqualify was docketed the same day.

Martin essentially explains his extreme delay in moving for disqualification based on

---

[2]TWU Local 556 raised this argument in its opposition to Martin's motion for leave. The court will consider it as part of TWU Local 556's opposition to the motion to disqualify.

[3]No other plaintiff joins Martin's motion to disqualify.

[4]The court set the case for trial on the two-week docket of March 20, 2017 in an order filed on November 22, 2016. The court set the specific trial and pretrial conference dates of March 20, 2017 and March 16, 2017, respectively, in an order filed on February 3, 2017, before Martin filed his initial, untimely motion to disqualify.

his temporary *pro se* status in this case. When Martin and the other plaintiffs filed this lawsuit, they were represented by counsel. Plaintiffs' counsel moved to withdraw on July 16, 2015, and the court granted the motion on August 11, 2015. Martin proceeded *pro se* from then until November 7, 2016, when his current counsel filed a notice of appearance. In his court-ordered supplement to his motion for leave, Martin maintains that he did not file his motion by the applicable motion deadline because "the depth and breadth of the relationship, and thus the conflict, was not fully appreciated until February of this year," P. Feb. 28, 2017 Br. 3; that it is unknown what Martin's former attorney may have known about the relationship between Martin and Cloutman; and that, although there was still time to file a motion to disqualify after Martin's counsel withdrew, Martin as a *pro se* litigant did not himself know what to do, much less know to file a motion to disqualify.

II

"[L]awyer conflict of interest problems ought to be brought up long before the date of trial in an atmosphere which does not cast a shadow over the trial itself." *Redd v. Shell Oil Co.*, 518 F.2d 311, 316 (10th Cir. 1975). The court therefore has discretion to consider a motion for disqualification waived if not promptly raised. *Tr. Corp. of Mont. v. Piper Aircraft Corp.*, 701 F.2d 85, 88 (9th Cir. 1983) (reviewing district court denial of motion to disqualify as untimely for abuse of discretion). Courts have held motions to disqualify were waived where "delays rang[ed] from one to over two years[, the] motions to disqualify [were] made after substantial preparation of the case had been completed, or the motions [were] made on the eve of trial." *City of El Paso v. Salas-Porras Soule*, 6 F.Supp.2d 616, 621-22

(W.D. Tex. 1998) (collecting cases). Martin relies heavily on *Salas-Porras Soule*, in which the court held that a five-month delay between discovery of an alleged conflict and filing of the motion to disqualify did not constitute waiver. *Id.* at 622. But Martin's situation is not comparable to *Sala-Porras Soule*; indeed, all three scenarios that the court noted would trigger waiver are present in the instant case. *See id.* at 621-22. Martin knew of the potential conflict when he worked with Cloutman from 2012 through 2013—well before plaintiffs filed suit on February 10, 2014. He first filed the motion over three years into the case and long after discovery had closed in October 2015. And at the time he filed his initial motion to disqualify on February 13, 2017 (which was denied because it was filed without leave of court), the pretrial conference and the trial were already set for March 16 and 20, 2017, a little more than one month away. Martin has not cited any case in which a court granted a motion to disqualify under these circumstances. Additionally, although Martin may be prejudiced by Cloutman's participation in the trial of this case, TWU Local 556 will surely be prejudiced by the loss of its counsel (who has extensive knowledge of the case) on the eve of trial.[5]

---

[5]Although there currently is no trial setting, it is correct to speak in terms of the "eve of trial." The court's February 21, 2017 memorandum opinion and order explains that the case will be promptly scheduled for trial once Martin's motion to disqualify is decided, and that the parties must proceed accordingly.

> After considering defendant's concerns about a trial continuance, the court concludes that it should grant the motion with the following requirement. *The trial will not commence as scheduled on March 20, 2017, but the parties must continue to make all required pretrial filings as if this were the trial date.*

* * *

Accordingly, Martin's motion to disqualify is denied.

**SO ORDERED**.

August 18, 2017.

                                                  SIDNEY A. FITZWATER
                                                  UNITED STATES DISTRICT JUDGE

---

*That way, once the trial is reached, no delay will be necessary to complete pretrial filings.* The pretrial conference scheduled for March 16, 2017 is canceled and will be rescheduled. After Martin's February 14, 2017 motion for leave to file motion to disqualify defense counsel has been resolved—either because the court denies leave to file the motion or, having granted leave, after the motion is decided on the merits—the court will review its calendar, provide counsel a proposed trial date or dates, and permit counsel to advise the court whether they have any material conflicts with the trial date or dates under consideration.

Feb. 21, 2017 Mem. Op. 3 (emphasis added).